## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CINDY McCALL,                                    CASE NO.:

     Plaintiff,

v.

THE I – MAGE CORPORATION,
a Florida Profit Corporation, and
TRINITY TECHNOLOGY GROUP, INC.,
a Foreign Profit Corporation,

     Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL
## DECLARATORY AND INJUNCTIVE RELIEF REQUESTED

Plaintiff, CINDY McCALL ("Ms. McCall" or "Plaintiff"), brings this action

pursuant to:  (i) the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq*.,

hereinafter called the "FLSA"), and (ii) the Family and Medical Leave Act, as

amended, 29 U.S.C. § 2601, *et seq*. ("the FMLA"), seeking recovery from THE I –

MAGE CORPORATION ("I – MAGE") and from TRINITY TECHNOLOGY

GROUP, INC. ("TRINITY;" collectively, "Defendants") for unpaid overtime

wages, back pay, compensatory damages, an equal amount as liquidated damages

(under the FLSA and the FMLA), reinstatement, injunctive relief, equitable relief,

front pay, declaratory relief, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

1.  The jurisdiction of this Court over this controversy is based upon 29 U.S.C. § 216(b) and 29 U.S.C. § 2601, *et seq.*

2.  This Court has the authority to grant declaratory relief pursuant to the FLSA, the FMLA, and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

3.  At all times relevant hereto, Plaintiff was an employee of Defendants, and resided in Manatee County, Florida.

4.  I – Mage is a Florida Profit Corporation that is located In West Palm Beach, Palm Beach County, Florida, and does business in Manatee County, Florida, and is therefore within the jurisdiction of this Court.

5.  TRINITY is a foreign profit corporation that is located in Manassas, Virginia, and does business in Manatee County, Florida, and is therefore within the jurisdiction of this Court.

6.  Plaintiff worked for Defendants in Manatee County, Florida, and in Sarasota County, Florida, and therefore the proper venue for this case is the Tampa Division of the Middle District of Florida.

7.  Defendants, at all times material to this Complaint, are joint employers, based on the fact that Defendants: (a) had the power to hire and fire Plaintiff, and fired Plaintiff jointly during a meeting attended by Supervisors representing each

Defendant; (b) determine Plaintiff's rate and method of payment; (c) supervised and controlled Plaintiff's work schedules or conditions of employment; and/or (d) maintained Plaintiff's employment records.

8. Defendants are predecessor and successor in interests because I – MAGE: substantially continued the same business operations as TRINITY, its predecessor-in-interest; retained the same, or substantially similar, workforce as TRINITY, its predecessor-in-interest; retained similar supervisors as TRINITY, its predecessor-in-interest; and retained the same business location as TRINITY, its predecessor-in-interest.

9. At all times relevant hereto, Defendants were employers covered by the FMLA, because they were engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

10. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) she suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) she was employed by Defendants for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

11.   Defendants are employers as defined by the FLSA, in that Defendants, during all times relevant and in each year during the relevant statute of limitations, grossed in excess of $500,000.00 per year in revenue, and had employees regularly engaged in interstate and intrastate commerce.

12.   At all times material hereto, Defendants were enterprises engaged in commerce, or the use of goods for commerce, in that Defendants' computer equipment, telephones, and office equipment originated outside the State of Florida.

13.   At all times material hereto, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

14.   At all times material hereto, Defendants were primarily engaged in providing airport screening and security services at Sarasota/Bradenton International Airport, which is in Sarasota County, Florida, and Manatee County, Florida.

15.   At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA, but not for purposes of the Motor Carrier Act.

16.   At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

17.   At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants, in that Defendants could not operate their businesses without Administrative Assistants like Plaintiff.

## FACTUAL ALLEGATIONS

18.   Plaintiff worked for TRINITY and, then, for I – MAGE, from March 5, 2018, until her termination on July 23, 2021.

19.   Throughout 2020 and into 2021, Plaintiff suffered symptoms of a serious health condition, specifically a degraded and deteriorated knee with associated pain, immobility, stiffness, and lack of range of motion, that was so severely compromised that her treating physician had deemed knee replacement surgery necessary at some time in 2021.

20.   On June 19, 2021, TRINITY Supervisors including Brian Tessier and Bill Scott, along with I – MAGE Chief Executive Officer ("CEO") Ivan Gatewood, called Ms. McCall into a meeting.

21.   During this meeting, Ms. McCall was informed that her employer would thenceforth be I – MAGE, rather than TRINITY.

22.   These individuals assured Ms. McCall during this meeting that the only thing changing would be the name of the entity on her paychecks.

23.   These individuals assured Ms. McCall that I – MAGE was assuming all responsibilities and obligations towards her from TRINITY.

24.   During this meeting, Ms. McCall specifically asked whether anything would change with respect to her medical, dental, and vision benefits, her paid time off ("PTO") accrual, short term disability insurance, life insurance, and FMLA eligibility.

25.   During this meeting, I – MAGE CEO Ivan Gatewood stated that nothing would change with respect to any of Ms. McCall's benefits and that I – MAGE would simply step into the shoes of TRINITY seamlessly.

26.   On July 12, 2021, Ms. McCall received a call at home from one of TRINITY's Human Resources Representatives.   During this call, Ms. McCall disclosed to her employers that she suffers a serious health condition and would soon need to avail herself of unpaid FMLA leave in order to have knee replacement surgery to treat and address the condition, and inquired about short term disability coverage.

27.   On July 20, 2021, Ms. McCall requested clarification of her benefits and FMLA eligibility via email to TRINITY Human Resources Director, Amelia, TRINITY Supervisor Brian Tessier, and Mr. Gatewood at I – MAGE.

28.   Also on July 20, 2021, Ms. McCall received a call from a TRINITY Human Resources Representative, who informed her that TRINITY had been mischaracterizing her as a salaried employee exempt from FLSA coverage since the beginning of her employment in March of 2018.

29.   TRINITY's Human Resources Representative related to Ms. McCall during this telephone call that Mr. Gatewood had promised that I – MAGE would "make it right" to Ms. McCall with respect to the years-long mischaracterization of her under the FLSA.

30.   TRINITY's Human Resources Representative candidly admitted to Ms. McCall during this telephone conversation that TRINITY had mischaracterized Ms. McCall's FLSA exemption status because it had not wanted to pay her overtime for all of the hours of uncompensated work she had been performing over the years.

31.   Throughout her time with Defendants, Ms. McCall was paid a fixed salary per week, and was not paid any overtime no matter how many hours in excess of forty (40) she worked in a given week.

32.   Ms. McCall always worked in Manatee County, Florida, and nearby/adjacent counties, and her activities were at all times controlled and closely supervised by Defendants' managers and supervisors.

33.   Ms. McCall had no authority to hire or fire employees of TRINITY or of I – MAGE.

34.   Ms. McCall had no authority to discipline employees of TRINITY or of I – MAGE.

35.   Ms. McCall had no authority to set rates of pay for other employees or agents of TRINITY or of I – MAGE.

36.   Ms. McCall had no input into performance reviews of other employees or agents of TRINITY or of I – MAGE.

37.   All of Ms. McCall's major decisions had to be cleared in advance by one of Defendants' supervisors.

38.   Ms. McCall was closely monitored by Defendants' supervisors and managers at all times.

39.   Ms. McCall followed procedures established by Defendants and did exactly as she was instructed to do.

40.   Ms. McCall's primary duties were to perform routine administrative and support tasks.

41.   Throughout Plaintiff's employment, Defendants regularly required Plaintiff to work in excess of forty (40) hours per week.

42.   Defendants paid Plaintiff a fixed salary every week until her separation from Defendants.

43.   Plaintiff regularly worked forty-five (45) or more hours per week for Defendants during her employment with Defendants.

44.   Defendants failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during her employment with Defendants.

45.  When Plaintiff worked more than forty (40) hours in a given work week, Defendant failed to properly pay her for all overtime hours worked.

46.  Defendant routinely failed to pay Plaintiff anything at all for overtime hours that she worked during her employment.

47.  Plaintiff should have been compensated at the rate of one-and-one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout her employment.

48.  Defendants violated Title 29 U.S.C. §207 in that:

(a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for her period of employment with Defendant;

(b) No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one-and-one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

(c) Defendant failed to maintain proper time records as mandated by the FLSA.

49.  Prior to violating the FLSA, Defendants did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

50. Prior to violating the FLSA, Defendant did not consult with the Department of Labor to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

51. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

52. Based on the allegations in Paragraphs 49-51, above, Plaintiff is entitled to liquidated damages under the FLSA, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

53. On July 23, 2021, TRINITY Managers Brian Tessier and Bill Scott, and Mr. Gatewood of I – MAGE, called Ms. McCall into a meeting.

54. During this meeting, these individuals jointly stated to Ms. McCall that Defendants were terminating her employment, effective immediately.

55. Defendants referred to alleged "attitude" issues in a weak attempt to justify this adverse employment action against Ms. McCall.

56. Ms. McCall asked Defendants during this meeting to provide examples of "attitude" issues, but Defendants were unable to do so.

57.   Defendants' adverse employment actions were taken to interfere with, and in retaliation for, Ms. McCall notifying Defendants of her serious health condition, and in retaliation for Ms. McCall attempting to utilize unpaid leave pursuant to the FMLA in order to treat and address same.

58.   Defendants did not have a legitimate, non-retaliatory reason, for its actions.

59.   Any reason provided by Defendants for its actions is a pretext, designed to cover up FMLA interference and retaliation.

60.   Defendants' conduct constitutes intentional interference and retaliation under the FMLA.

61.   The timing of Plaintiff's attempted use of what should have been protected FMLA leave, and Defendants' termination of her employment, alone demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by Defendants.

62.   Defendants purposefully and intentionally interfered with and retaliated against Plaintiff for her attempted utilization of what should have been protected FMLA leave.

63.   As a result of Defendants' illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

64. Defendants lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages under the FMLA.

65. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA
## (AGAINST ALL DEFENDANTS)

66. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 10, 14, 18 through 27, 40, and 53 through 65, above, as if fully set forth herein.

67. At all times relevant hereto, Plaintiff was protected by the FMLA.

68. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

69. At all times relevant hereto, Defendants interfered with Plaintiff by misrepresenting Defendants' intentions with respect to Plaintiff's disclosure of her serious health condition and her need for upcoming knee replacement surgery, and by refusing to allow Plaintiff to exercise her FMLA rights freely.

70. As a result of Defendants' willful and unlawful acts via interfering with Plaintiff for attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

71. As a result of Defendants' willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA
## (AGAINST ALL DEFENDANTS)

72. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 10, 14, 18 through 27, 40, and 53 through 65, above, as if fully set forth herein.

73. At all times relevant hereto, Plaintiff was protected by the FMLA.

74. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

75. At all times relevant hereto, Defendants retaliated against Plaintiff by terminating her for disclosing her serious health condition and for attempting to utilize what should have been FMLA-protected leave.

76. Defendants acted with the intent to retaliate against Plaintiff, because Plaintiff attempted to exercise her right to take approved leave pursuant to the FMLA.

77.   As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

78.   As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION
## (AGAINST ALL DEFENDANTS)

79.   Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 8, 11 through 18, 20 through 24, 26 through 54, 63, and 65, above, as if fully set forth herein.

80.   Plaintiff worked in excess of forty (40) hours per week, for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

81. Plaintiff was entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for each hour worked in excess of forty (40) per work week.

82. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA to ensure all of Plaintiff's hours worked were accounted for.

83. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at a rate of one-and-one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

84. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

85. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in her favor against Defendants, and that this Court:

> a. Declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour

provisions of the FLSA;

b.  Award Plaintiff overtime compensation in the amount due to her for time worked in excess of forty (40) hours per work week;

c.  Award Plaintiff liquidated damages in an amount equal to the overtime award;

d.  Award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e.  Award Plaintiff pre-judgment interest; and order any other and further relief that the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

DATED this 12th day of August, 2021.

Respectfully Submitted,

**/s/ Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile:  (954) 337-2771
E-mail: **noah@floridaovertimelawyer.com**

*Attorneys for Plaintiff*